# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Mathis v. Planet Home Lending, LLC (In re: Planet Home Lending, LLC Data Breach) | Case No. 3:24-cv-127 (KAD) |

**<u>SETTLEMENT AGREEMENT AND RELEASES</u>**

This Settlement Agreement ("Settlement" or "Agreement")[1] is entered into between Plaintiffs Brandon Mathis, Nashira Williams, Jamie Lee Mazzo, Jeffrey Benson, Frank Canepa, William Ekola, Joe Ward, Antonio Cole, and Ramsey Coulter, on behalf of themselves and the Settlement Class, and Defendant, Planet Home Lending, LLC, as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

**I.    <u>Procedural History</u>**

1.    PHL is a Connecticut-based mortgage company that services customers across the United States. In operating its business, PHL collects, maintains, and stores personal information pertaining to its customers, including, but not limited to, full names, addresses, Social Security numbers, loan numbers, and financial information.

2.    On or about November 15, 2023, PHL noticed suspicious activity on its network and in response launched an investigation revealing that a cybercriminal organization accessed individuals' PI.

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below or as defined elsewhere in the Agreement.

3.      When PHL became aware of the Data Incident, outside advisors and cybersecurity experts were retained to assist in the evaluation of the Data Incident, and law enforcement was notified.  PHL and its customers thereafter notified approximately 285,000 individuals that their PI may have been impacted by the Data Incident.

4.      As a result, on January 31, 2024, Plaintiff Mathis filed a Class Action Complaint against, asserting causes of action for: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) unjust enrichment; and (5) declaratory judgment, and seeking to represent a nationwide class of aggrieved individuals. [DE #1].

5.      Following the filing of *Mathis*, PHL was named a defendant in five other putative class actions filed in the District of Connecticut[2] and two putative class actions filed in state and federal court in Florida[3] that are materially and substantively identical, as they have overlapping claims, seek to represent the same putative class members, and arise out of the same Data Incident. PHL, at all times, disputes the allegations in this Action and the Related Actions.

6.      On February 8, 2024, Plaintiffs in the Related Actions filed an Unopposed Motion and Incorporated Memorandum of Law in Support of their Motion for Consolidation of the *Mathis* Action and the Related Actions and for Appointment of Co-Interim Lead Counsel. [DE #11].

7.      On February 29, 2024, the Court held a scheduling conference to discuss Plaintiffs'

---

[2] *Mathis v. Planet Home Lending, LLC*, Case No. 3:24-cv-127 (filed on January 31, 2024); *Mazzo v. Planet Home Lending, LLC*, Case No. 3:24-cv-130 (filed on February 1, 2024); *Benson v. Planet Home Lending, LLC*, Case No. 3:24-cv-131 (February 1, 2024); *Canepa v. Planet Home Lending, LLC*, Case No. 3:24-cv-145 (February 2, 2024); *Ekola v. Planet Home Lending, LLC*, Case No. 3:24-cv-145 (filed on February 5, 2024); and *Ward v. Planet Home Lending, LLC*, Case No. 3:24-cv-00158 (filed on February 6, 2024).
[3] *Cole v. Planet Home Lending, LLC*, Case No. 24-cv-60269 (S.D. Fla.; filed on Feb. 6, 2024); and *Coulter v. Planet Home Lending, LLC*, Case No. 2024000019 (Madison Cty.; filed on Feb. 17, 2024).  *Coulter* was subsequently removed to federal court on March 18, 2024.  *Coulter v. Planet Home Lending, LLC*, Case No. 24-cv-130 (N.D. Fla). *Cole* voluntarily dismissed on April 5, 2024, and *Coulter* was voluntarily dismissed on April 9, 2024.

pending motions and other housekeeping issues.

8.      On March 1, 2024, the Court granted the Motion to Consolidate and Motion to Appoint Interim Class Counsel. [DE #26].

9.      Shortly thereafter, the Parties began discussing settlement and scheduled a mediation for March 29, 2024. In advance of the mediation, the Plaintiffs propounded informal discovery requests on PHL to which PHL responded by providing information related to, among other things, the nature and cause of the incident, the number and geographic location of victims impacted by the Data Incident, and the specific type of information breached. The Parties also exchanged mediation statements in advance of the mediation.

10.     On March 29, 2024, the Parties reached agreement on the materials terms of the settlement following a full day of mediation with the Hon. Diane M. Welsh (Ret.) from JAMS.

11.     On April 1, 2024, Plaintiffs filed a Consolidated Class Action Complaint[4], asserting causes of action for: (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) unjust enrichment; (5) declaratory judgment, seeking to represent a nationwide class of aggrieved individuals. [DE # 33].

12.     Thereafter, the Parties filed a Notice of Classwide Settlement. [DE #34].

13.     The Parties now agree to settle the Action (including all allegations made in the Related Actions) entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. PHL has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. PHL does not in any way acknowledge,

---

[4] The Consolidated Complaint included three additional Plaintiffs.

admit to, or concede any of the allegations made in any of the Complaints (and similarly does not concede any of the allegations in the other complaints in the Related Actions), and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, PHL, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

7.    "**Action**" means the consolidated class action lawsuit entitled: *Mathis v. Planet Home Lending, LLC (In re: Planet Home Lending, LLC Data Breach)*, Case No. 3:24-cv-000127 (D. Conn.).

8.    "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking Class Counsel's attorneys' fees, reimbursement for costs, and for Service Awards for the Class Representatives.

9.    "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement

Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

10.     "**Cash Payment**" means compensation paid to Settlement Class Members who elected to submit a Claim for either Cash Payment A or Cash Payment B.

11.     "**Cash Payment A**" means compensation paid to Settlement Class Members pursuant to Section V.

12.     "**Cash Payment B**" means the amount identified in Section V.

13.     "**Claim**" means the submission of a Claim Form by a Claimant.

14.     "**Claim Form**" means the proof of claim, substantially in the form attached hereto as ***Exhibit 4***, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

15.     "**Claim Form Deadline**" shall be 90 days from the date that Notice is first disseminated to the Settlement Class and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class member to be eligible for a Cash Payment.

16.     "**Claimant**" means a Settlement Class member who submits a Claim Form.

17.     "**Class Counsel**" means: Mason Barney of Siri & Glimstad LLP, Jeff Ostrow of Kopelowitz Ostrow P.A, Gary Mason of Mason LLP, Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC, Raina Borrelli of Turke & Strauss LLP, and Daniel Srourian of Srourian Law Firm, P.C.

18.     "**Class List**" means a list of Settlement Class members. PHL shall prepare and provide the Class List to the Settlement Administrator for Notice using information in PHL's records. The Class List shall include the Settlement Class members' names, postal address (if

available from Data Incident notice materials) and email address (if available from Data Incident notice materials).

19. "**Class Representatives**" mean Brandon Mathis, Nashira Williams, Jamie Lee Mazzo, Jeffrey Benson, Frank Canepa, William Ekola, Joe Ward, Antonio Cole, and Ramsey Coulter.

20. "**Complaint**" or "**Consolidated Complaint**" means the Consolidated Complaint filed by Plaintiffs on April 1, 2024.

21. "**Court**" means the United States District Court for the District of Connecticut and the Judge(s) assigned to the Action.

22. "**Data Incident**" means the unauthorized access to or acquisition of the Personal Information on or about November 15, 2023.

23. "**Defendant**" means Planet Home Lending, LLC.

24. "**Defendant's Counsel**" or "**PHL's Counsel**" means Orrick, Herrington & Sutcliffe LLP.

25. "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

26. "**Email Notice**" means the email form of Notice of the Settlement, substantially in the form attached hereto as *Exhibit 1*, distributed to Settlement Class members for which email addresses are provided by PHL.

27.    "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

28.    "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

29.    "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

30.    "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the Motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

31.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 3***, that shall be posted on the Settlement Website and shall be available to Settlement Class members by mail on request made to the Settlement Administrator.

32.    "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

33.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

34.    "**Net Settlement Fund**" means the amount of the Settlement Fund following payment of: (1) Service Awards to Class Representatives awarded by the Court, (2) attorneys' fees

and costs awarded by the Court to Class Counsel, and (3) all Settlement Administration Costs.

35.    "**Notice**" means the Email Notice, Postcard Notice, Long Form Notice, and Publication Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

36.    "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and consists of the Email Notice, Postcard Notice, and Long Form Notice.

37.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted an invalid Claim.

38.    "**Objection Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

39.    "**Opt-Out Period**" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

40.    "**Party**" means each of the Plaintiffs and Defendant, and "Parties" means Plaintiffs and Defendant collectively.

41.    "**Personal Information**" or "**PI**" means information collected by PHL, directly or indirectly, pertaining to its customers, including, but not limited to, full names, addresses, Social Security numbers, loan numbers, and financial information.

42.    "**Plaintiffs**" mean Brandon Mathis, Nashira Williams, Jamie Lee Mazzo, Jeffrey Benson, Frank Canepa, William Ekola, Joe Ward, Antonio Cole, and Ramsey Coulter

43.    "**PHL**" or "**Planet**" means Defendant, Planet Home Lending, LLC.

44. "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as *Exhibit* 2 that the Settlement Administrator shall disseminate to Settlement Class members by mail.

45. "**Pre-Approval Settlement Administration Costs**" means Settlement Administration Costs incurred before Final Approval.

46. "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form attached to the Motion for Preliminary Approval.

47. "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as *Exhibit 5*.

48. "**Related Actions**" means the six actions filed in the District of Connecticut and two actions filed in Florida against PHL regarding the Data Incident, identified in Paragraph 5 of this Agreement.

49. "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

50. "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to

9

the Data Incident.

51.    "**Released Parties**" means PHL and each entity which is controlled by, controlling or under common control with PHL and  its past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees

52.    "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

53.    "**Service Award**" means the payment the Court may award the Plaintiffs for serving as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members. The Service Awards shall be paid out of the Settlement Fund.

54.    "**Settlement Administrator**" or "**Epiq**" means the third-party notice and claims administrator, Epiq Class Action Claims & Solutions.

55.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and settlement administration.

56.    "**Settlement Class**" means all living individuals residing in the United States who were sent a notice by PHL that their Personal Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of PHL; (b) governmental entities; and (c) the Judge assigned to the Action,

that Judge's immediate family, and Court staff.

57.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

58.    "**Settlement Class Member Benefit**" means the Cash Payment elected by Settlement Class Members.

59.    "**Settlement Fund**" means the non-reversionary US $2,425,000.00 in cash fund that PHL is obligated to fund under the terms of the Settlement.

60.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

61.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of

11

the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

**III.    <u>Settlement Fund</u>**

62.    At least 14 days before commencement of the Notice Program, Planet shall pay to the Settlement Administrator a sum portion of the Pre-Approval Settlement Administration Costs to be agreed upon by the Settlement Administrator, Planet, and Class Counsel, which shall be sufficient to effectuate notice to the Settlement Class members.

63.    Following entry of the Preliminary Approval Order, Planet shall pay all subsequent amounts for Pre-Approval Settlement Administration Costs within 30 days of when such amounts are invoiced to Planet along with wire instructions and other required documentation and become due and owing.  Planet is not required to advance costs for claims validation or other claims processing related costs until such time such costs are actually incurred. Except that any Settlement Administration Costs incurred after the Effective Date will be paid to the Settlement Administrator from the Settlement Fund following its funding.

64.    Within 30 days of the Effective Date, Planet shall deposit, or cause to be deposited, with the Settlement Administrator in an Escrow Account the Settlement Fund minus any Settlement Administration Costs previously paid by Planet.

65.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on PHL, PHL's Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the

Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. PHL, PHL's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold PHL, PHL's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.    Certification of the Settlement Class

66.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. PHL agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, PHL shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.    Settlement Consideration

67.    **Settlement Class Member Benefits**

When submitting a Valid Claim, Settlement Class Members must choose either Cash Payment A or Cash Payment B. Settlement Class Cash Payments will be subject to a *pro rata* increase from the Net Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Net Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage

basis. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims against the Released Parties without receiving a Settlement Class Member Benefit.

68.   **Cash Payment A**

a.   **Compensation for Ordinary Losses**: Compensation for unreimbursed ordinary losses fairly traceable to the Data Incident, may be up to a total of $1,500.00 per person. Settlement Class Members must submit documentation supporting their Claims for ordinary losses. This documentation may include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by PHL. These ordinary losses may include the following:

i.   ***Out of pocket expenses incurred*** as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; and

ii.   ***Fees for credit reports, credit monitoring, or other identity theft insurance product*** purchased between November 15, 2023, and the date of the Claim Form Deadline.

b.   **Compensation for Lost Time**: Settlement Class Members with time spent

remedying issues related to the Data Incident may receive reimbursement of $25.00 per hour up to five hours (for a total of $125.00) with an attestation including a brief description of the action(s) take in response to the Data Incident.

   c. **Compensation for Extraordinary Losses**: Compensation for extraordinary losses, may be up to a total of $10,000.00, per Settlement Class Member, if the extraordinary loss is: (i) an actual, documented and unreimbursed monetary loss due to fraud or identity theft; (ii) fairly traceable to the Data Incident; (iii) occurred after the Data Incident and before the Claim Form Deadline; (iv) not already covered by one or more of the ordinary loss categories, and (v) the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

69. **Cash Payment B**

   Instead of selecting Cash Payment A, a Settlement Class Member may elect to receive Cash Payment B, which is a flat payment in the amount of $100.00.

70. **Injunctive Relief**

   PHL provided Class Counsel with a "Security Attestation" attesting to the security measures it is implementing following the Data Incident. PHL confirms that all of these security measures have been implemented. The costs of any such security measures on the part of PHL shall be fully borne by PHL, and under no circumstances will such costs be deducted from the Settlement Fund.

**VI.** **Settlement Approval**

71. Within 10 days following execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary

15

Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and PHL.

72.     The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim submission process; (5) approve the procedures for Settlement Class members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Mason Barney, Jeff Ostrow, Gary Mason, Mariya Weekes, Raina Borrelli, and Daniel Srourian as Class Counsel for Settlement purposes; (7) stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and PHL's Counsel.

**VII.    Settlement Administrator**

73.     The Parties agree that, subject to Court approval, Epiq shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

74.     The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the

Cash Payments to Settlement Class Members who submit Valid Claims.

75. The Settlement Administrator's duties include:

a. Providing CAFA Notice;

b. Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice and, where email addresses are provided by PHL, sending the Postcard Notice in electronic form via email, sending out Long Form Notices and paper Claim Forms on request from Settlement Class members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

c. Establishing and maintaining the Settlement Fund the Escrow Account approved by the Parties;

d. Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class members, and Claim Forms;

e. Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

f. Establishing and maintaining an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries;

g. Responding to any mailed Settlement Class member inquiries;

h. Processing all opt-out requests from the Settlement Class;

i. Providing weekly reports to Class Counsel and PHL's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency

17

sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

j.      In advance of the Final Approval Hearing, preparing a declaration to submit to the Court confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k.      Distributing, out of the Settlement Fund, Cash Payments by electronic means;

l.      Paying Court-approved attorneys' fees and costs and Service Awards out of the Settlement Fund;

m.      Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

n.      Any other Settlement administration function at the instruction of Class Counsel and PHL, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

## VIII.   Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures

76.      PHL will make available to Class Counsel and the Settlement Administrator the Class List no later than five days after entry of the Preliminary Approval Order. To the extent necessary, PHL will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

77.     Within 45 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Where email addresses are provided by PHL for Settlement Class members, Email Notice shall be sent by email. Settlement Class members for which email addresses are not provided, or emails were undelivered (and a postal address is provided by PHL), shall receive a Postcard Notice by mail.

78.     The Email Notice and Postcard Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for Settlement Class members to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and PHL's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

79.     The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

80.     The Long Form Notice also shall include a procedure for Settlement Class members to opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

81.     The Long Form Notice also shall include a procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice and Email Notice shall direct Settlement Class members to review the Long Form Notice to obtain the objection instructions. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the last day of the Objection Period, as specified in the Notice, and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

82.     For an objection to be considered by the Court, the objection must also set forth:

a.      the objector's full name, mailing address, telephone number, and email address (if any);

b.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.      the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

e.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

f.      the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

g.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.      a statement confirming whether the objector intends to personally appear

21

and/or testify at the Final Approval Hearing; and

       i.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

83.    The Settlement Administrator shall perform reasonable address traces for Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 60 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class members whose new addresses were identified as of that time through address traces.

84.    The Notice Program shall be completed no later than 60 days before the original date set for the Final Approval Hearing.

## IX.    Claim Form Process and Disbursement of Cash Payments

85.    The Notice and the Settlement Website will explain to Settlement Class members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

86.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

87.    The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is

reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

88.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class member. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class member in an effort to determine which Claim Form is the appropriate one for consideration.

89.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

90.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency

explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless PHL and Class Counsel otherwise agree.

91.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.      Failure to fully complete and/or sign the Claim Form;

b.      Illegible Claim Form;

c.      The Claim Form is fraudulent;

d.      The Claim Form is duplicative of another Claim Form;

e.      The Claimant is not a Settlement Class member;

f.      The Claimant submitted a timely and valid request to opt out of the Settlement Class.

g.      The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.      Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.      The Claim Form otherwise does not comply with the requirements of this Settlement.

92.    The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.      The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims.

b.      A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph.

c.      If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

d.      The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

93.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or PHL's Counsel. Additionally, Class Counsel and PHL's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

94.    No person or entity shall have any claim against PHL, PHL's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

95.    No later than 30 days after the Settlement Fund is deposited following the Effective

Date pursuant to Section III, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

96.     Cash Payments to Settlement Class Members will be made by electronic payment or by paper check, by sending Settlement Class Members with Valid Claims an email to select from alternative forms of electronic payment or by paper check. Settlement Class Members will have a period of 180 days to select their electronic payment. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and PHL's Counsel. Absent specific instructions from Class Counsel and PHL's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit their entitlement right to the funds.

## X.     Final Approval Order and Final Judgment

97.     Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service

Awards, provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

98.      At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

      a.      Determine that the Settlement is fair, adequate and reasonable;

      b.      Finally certify the Settlement Class for settlement purposes only;

      c.      Determine that the Notice Program satisfies Due Process requirements;

      d.      Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.      Release PHL and the other Released Parties from the Released Claims; and

      f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including PHL, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.     Service Awards, Attorneys' Fees, and Costs

99.      **Service Awards.** The Class Representatives may seek Service Awards of up to $2,000.00 each, subject to Court approval. The Service Awards shall be payable out of the Settlement Fund.

100.     **Attorneys' Fees and Costs.** Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of reasonable costs. The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement

Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel within five days after the Settlement Fund is deposited following the Effective Date pursuant to Section III.

101.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement.

## XII.    Disposition of Residual Funds

102.    In the event there are funds remaining in the Settlement Fund 20 days following the 180-day period for Settlement Class Members to select the form of electronic payment, following payment of Settlement Class Member Payments, any residual shall be distributed to an appropriate mutually agreeable *cy pres* recipient approved by the Court. The Parties agree to propose the Consumer Federation of America as the *cy pres* recipient.

## XIII.    Releases

103.    Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq*. Each Party expressly waives all rights under California

Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
> OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

104.    Settlement Class members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

105.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction,

including in any federal, state, or local court or tribunal.

## XIV.   **Termination of Settlement**

106.   This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a.   Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

b.   The Court has entered the Preliminary Approval Order;

c.   The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.   The Effective Date has occurred.

107.   If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

108.   PHL shall have the option to terminate this Agreement if more than 5% of the Settlement Class opt out of the Settlement. PHL shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this paragraph within 10 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

109.   In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action

or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

110.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to PHL. However, PHL shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to PHL within 20 days of termination.

## XV.    Effect of Termination

111.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, PHL's, PHL's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

112.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.    No Admission of Liability

113.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession

of any point of fact or law. PHL has denied and continues to deny each of the claims and contentions alleged in the Complaint. PHL specifically denies that a class could or should be certified in the Action for litigation purposes. PHL does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. PHL has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

114.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class members.

115.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

116.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members,

or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may

be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties,

in the Action or in any proceeding in any court, administrative agency, or other tribunal.

117.    In addition to any other defenses PHL or the Released Parties may have at law, in

equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and

complete defense to and may be used as the basis for an injunction against, any action, suit, or

other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or

the Releases contained herein.

## XVII.  **Miscellaneous Provisions**

118.    <u>Confidentiality</u>. To the extent permitted by ethics rules, the Parties and their counsel

shall keep confidential all settlement communications, including communications regarding the

negotiation and drafting of this Agreement. The Parties will not make any public statement about

the settlement that has not been approved by the other side, except as required or authorized by

law. Approval of any proposed public statement of the other side will not be unreasonably

withheld. The Parties will cooperate with each other regarding public statements about the

settlement and may issue a joint statement/press release if they mutually agree to do so. This

paragraph shall not be construed to limit or impede the Notice requirements contained in this

Settlement Agreement, nor shall this paragraph be construed to prevent Class Counsel or PHL's

Counsel from notifying or explaining that the Action has settled or limit the representations that

the Parties or their counsel may make to the Court to assist in the Court's evaluation of the

Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms.

PHL may also provide information about the Settlement Agreement to its attorneys, members,

partners, insurers, brokers, agents, and other persons or entities as required by securities laws or

other applicable laws and regulations.

119.    <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

120.    <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

121.    <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

122.    <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

123.    <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

124.    <u>No Conflict Intended</u>. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

125.    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Connecticut, without

regard to the principles thereof regarding choice of law.

126.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

127.    <u>Jurisdiction</u>. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

128.    <u>Notices</u>. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

    If to Plaintiffs or Class Counsel:

        Mason A. Barney
        Siri & Glimstad LLP
        745 Fifth Avenue, Suite 500
        New York, NY 10151
        mbarney@sirillp.com
        tbean@sirillp.com

Jeff Ostrow
Kopelowitz Ostrow P.A.
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
ostrow@kolawyers.com

Gary Mason
Mason LLC
5335 Wisconsin Ave., N.W., Ste. 640
Washington, DC 20015
gmason@masonllp.com

If to PHL or PHL's Counsel:

Aravind Swaminathan
Orrick, Herrington & Sutcliffe LLP
401 Union St., Ste. 3300
Seattle, WA 98101
aswaminathan@orrick.com

Marc Shapiro
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
mrshapiro@orrick.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

129.    <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and PHL's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

130.    <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

131.    <u>Authority</u>. Class Counsel (for the Plaintiffs and the Settlement Class Members), and

PHL's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and PHL respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

132. <u>Agreement Mutually Prepared</u>. Neither Plaintiffs nor PHL shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

133. <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject

to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

      134.   <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**PLAINTIFFS**

*Brandon Mathis*
Brandon Mathis (May 2, 2024 06:28 EDT)

**BRANDON MATHIS**
*Plaintiff*


Nashira Williams (May 2, 2024 13:34 EDT)

**NASHIRA WILLIAMS**
*Plaintiff*

Jaime mazzo (May 2, 2024 09:16 EDT)

**JAMIE LEE MAZZO**
*Plaintiff*

*Jeffrey Benson*

**JEFFREY BENSON**
*Plaintiff*

DocuSigned by:
J. Canepa
3E33997E801243F...

**FRANK CANEPA**
*Plaintiff*



**WILLIAM EKOLA**
*Plaintiff*

Joe Ward (May 2, 2024 16:16 CDT)

**JOE WARD**
*Plaintiff*

Antonio M Cole (May 3, 2024 14:19 CDT)

**ANTONIO COLE**
*Plaintiff*

*Ramsey Coulter*
Ramsey Coulter (May 2, 2024 17:17 EDT)

**RAMSELY COULTER**
*Plaintiff*

39

**CLASS COUNSEL**

_____

MASON A. BARNEY, ESQ.
SIRI & GLIMSTAD LLP
*Attorneys for Plaintiffs*

*Jeffrey Ostrow*
Jeffrey Ostrow (May 1, 2024 10:14 EDT)
_____

JEFF OSTROW, ESQ.
KOPELOWITZ OSTROW P.A.
*Attorneys for Plaintiffs*

_____

GARY MASON, ESQ.
MASON LLC
*Attorneys for Plaintiffs*

*Mariya Weekes*
Mariya Weekes (May 1, 2024 11:26 EDT)
_____

MARIYA WEEKES, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*

*Raina Borrelli*
Raina Borrelli (May 1, 2024 10:00 CDT)
_____

RAINA BORRELLI, ESQ.
TURKE & STRAUSS LLP
*Attorneys for Plaintiffs*

*Daniel Srourian*
_____

DANIEL SROURIAN, ESQ.
SROURIAN LAW FIRM, P.C.
*Attorneys for Plaintiffs*


**PLANET HOME LENDING, LLC.**

_____

By: _____
Its _____


**COUNSEL FOR DEFENDANT**

_____

_____

ARAVIND SWAMINATHAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

**CLASS COUNSEL**

_____

MASON A. BARNEY, ESQ.
SIRI & GLIMSTAD LLP
*Attorneys for Plaintiffs*

_____

JEFF OSTROW, ESQ.
KOPELOWITZ OSTROW P.A.
*Attorneys for Plaintiffs*

_____

GARY MASON, ESQ.
MASON LLC
*Attorneys for Plaintiffs*

_____

MARIYA WEEKES, ESQ.
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
*Attorneys for Plaintiffs*

_____

RAINA BORRELLI, ESQ.
TURKE & STRAUSS LLP
*Attorneys for Plaintiffs*

_____

DANIEL SROURIAN, ESQ.
SROURIAN LAW FIRM, P.C.
*Attorneys for Plaintiffs*

**PLANET HOME LENDING, LLC.**

*Dierk Hohman*                                    5/1/2024
_____
By: _____
          Dierk Hohman
Its   EVP, Chief General Counsel and Enterprise Risk Officer

**COUNSEL FOR DEFENDANT**

*Aravind Swaminathan*                          5/1/2024
_____

_____

ARAVIND SWAMINATHAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

# EXHIBIT 1

# (EMAIL NOTICE)

**Email Notice**

To: <<Settlement Class Member Email>>

From: Settlement Administrator <noreply@xxxxxxxxxx.com>

Subject: Planet Home Lending, LLC Data Breach Settlement

---

**Court-Approved Legal Notice**

# If you were notified of a Data Incident involving Planet Home Lending that occurred on or about November 15, 2023, you may be entitled to a cash payment from a class action settlement.

*This is <u>not</u> a solicitation from a lawyer.*

For more information about this settlement visit www.xxxxxxxxx.com or call 1-xxx-xxx-xxxx

A $2,425,000 settlement has been reached in a class action lawsuit captioned *Mathis v. Planet Home Lending, LLC (In re: Planet Home Lending, LLC Data Breach),* Case No. 3:24-cv-000127 (D. Conn.), arising out of a data security incident experienced by Planet Home Lending, LLC ("Defendant") on or about November 15, 2023 ("Data Incident"). The Personal Information of current and former customers of Defendant was potentially compromised in the Data Incident. You are a "Settlement Class Member" if you were sent notice that your Personal Information was potentially impacted in the Data Incident.

You are receiving this notice because Defendant's records indicate you are likely a Settlement Class Member. If you are a Settlement Class Member and you timely submit a Valid Claim, you may be eligible for a Cash Payment subject to a *pro rata* increase or decrease based on the total number of claims filed (a legal term meaning equal share):

- **Cash Payment Option A:**
  - **Compensation for Ordinary Losses:** With supporting documentation showing your out-of-pocket expenses as a result of the Data Incident, you may be eligible for reimbursement up to $1,500.
  - **Compensation for Lost Time:** You are also eligible to receive reimbursement for up to five hours of lost time spent dealing with the Data Incident, calculated at the rate of $25 per hour.
  - **Compensation for Extraordinary Losses:** For certain documented extraordinary losses, you may be eligible for reimbursement up to $10,000.
- **Cash Payment Option B:** Instead of Cash Payment A, you may elect to receive a flat Cash Payment of $100.

The easiest way to submit a claim is at **www.xxxxxxxxxx.com** using your Unique ID on the front of this notice, or by completing the attached Claim Form. Your claim must be postmarked or submitted online on or before **Month DD, 20YY**. If you do not want to be legally bound by the

Settlement, you must exclude yourself ("opt-out") by **Month Day, 20YY**. If you stay in the Settlement, you may object to it by **Month Day, 20YY**. If you do not opt-out, you will remain in the Settlement Class and give up the right to sue Defendant for the legal claims relating to the Data Incident resolved by the Settlement. Visit www.xxxxxxxx.com for details on how to opt-out or object.

The Court will hold a Final Approval Hearing on Month DD, 20YY, at X:00 a.m./p.m. At this hearing, the Court will consider whether to approve the Settlement, including the requested attorneys' fees and Service Awards. The Court will also consider any objections to the Settlement and listen to people who have asked to speak at the hearing. You may attend the Hearing at your own expense, but it is not necessary.

**This notice is a summary. Learn more about the Settlement at www.xxxxxxxx.com or call 1-xxx-xxx-xxxx.**

# EXHIBIT 2

# (POSTCARD NOTICE)

Planet Home Lending, LLC Data Breach
Settlement Administrator
P.O. Box xxxx
Portland, OR 97xxx-xxxx

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO.xxxx

**BARCODE NO-PRINT ZONE**

---

Legal Notice

**If you were notified of a Data Incident involving Planet Home Lending that occurred on or about November 15, 2023, you may be entitled to a cash payment from a class action settlement.**

*This is not a solicitation from a lawyer.*

**For more information about this settlement visit or call:**
www.xxxxxxxxx.com
1-xxx-xxx-xxxx

<<MAIL_ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

Unique ID: <<UniqueID>>

A $2,425,000 settlement has been reached in a class action lawsuit captioned *Mathis v. Planet Home Lending, LLC* (*In re: Planet Home Lending, LLC Data Breach*), Case No. 3:24-cv-00127 (D. Conn.), arising out of a data security incident experienced by Planet Home Lending, LLC ("Defendant") on or about November 15, 2023 ("Data Incident"). The Personal Information of current and former customers of Defendant was potentially compromised in the Data Incident. You are a "Settlement Class Member" if you were sent notice that your Personal Information was potentially impacted in the Data Incident.

You are receiving this notice because Defendant's records indicate you are likely a Settlement Class Member. If you are a Settlement Class Member and you timely submit a Valid Claim, you may be eligible for a Cash Payment subject to a *pro rata* increase or decrease based on the total number of claims filed (a legal term meaning equal share):

- **Cash Payment Option A:**
  - **Compensation for Ordinary Losses:** With supporting documentation showing your out of pocket expenses as a result of the Data Incident, you may be eligible for reimbursement up to $1,500.
  - **Compensation for Lost Time:** You are also eligible to receive reimbursement for up to five hours of lost time spent dealing with the Data Incident, calculated at the rate of $25 per hour.
  - **Compensation for Extraordinary Losses:** For certain documented extraordinary losses, you may be eligible for reimbursement up to $10,000.
- **Cash Payment Option B:** Instead of Cash Payment A, you may elect to receive a flat Cash Payment of $100.

The easiest way to submit a claim is at **www.xxxxxxxxx.com** using your Unique ID on the front of this notice, or by completing the attached Claim Form. Your claim must be postmarked or submitted online on or before **Month DD, 20YY**. If you do not want to be legally bound by the Settlement, you must exclude yourself ("opt-out") by **Month Day, 20YY**. If you stay in the Settlement, you may object to it by **Month Day, 20YY**. If you do not opt-out, you will remain in the Settlement Class and give up the right to sue Defendant for the legal claims relating to the Data Incident resolved by the Settlement. Visit www.XXXXXXXXXXX.com for details on how to opt-out or object.

The Court will hold a Final Approval Hearing on Month DD, 20YY, at X:00 a/p.m. At this hearing, the Court will consider whether to approve the Settlement, including the requested attorneys' fees and Service Awards. The Court will also consider any objections to the Settlement and listen to people who have asked to speak at the hearing. You may attend the Hearing at your own expense, but it is not necessary.

**This notice is a summary. Learn more about the Settlement at www.xxxxxxxx.com or call 1-xxx-xxx-xxxx.**

<<UniqueID>>

# CLAIM FORM

**Claims must be postmarked or submitted online no later than Month Day, 20YY.**

*First Name:

*MI:

*Last Name:

*Address:

*City:

*State:

*ZIP Code:

**Cash Payment Option A:** Claims for Cash Payment Option A require you to provide supporting third-party documentation and/or a description of the time spent traceable to the Data Incident. To file a claim for Cash Payment Option A, please visit **www.xxxxxxxxxx.com** or call **1-xxx-xxx-xxxx**. Claims for Cash Payment Option A include:

- **Compensation for Ordinary Losses:** With supporting documentation showing your out-of-pocket expenses as a result of the Data Incident, you may be eligible for reimbursement up to $1,500.
- **Compensation for Lost Time:** You are also eligible to receive reimbursement for up to five hours of lost time spent dealing with the Data Incident, calculated at the rate of $25 per hour.
- **Compensation for Extraordinary Losses:** For certain documented extraordinary losses, you may be eligible for reimbursement up to $10,000.

**Cash Payment Option B:** Instead of Cash Payment A, you may elect to receive a flat Cash Payment of $100.

☐ By checking this box, I affirm that I want to receive a flat rate payment in the amount of $100.00. I understand that if I select this option, I cannot claim reimbursement under Cash Payment Option A.

**By signing my name, I swear and affirm I am completing this claim form to the best of my personal knowledge.**

Signature:

Date:



FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. xxxx

BARCODE
NO-PRINT
ZONE

PLANET HOME LENDING, LLC DATA BREACH
SETTLEMENT ADMINISTRATOR
P.O. BOX XXXX
PORTLAND, OR 97XXX-XXXX

# EXHIBIT 3

# (LONG FORM NOTICE)

United States District Court for the District of Connecticut

# If you were notified of a Data Incident involving Planet Home Lending that occurred on or about November 15, 2023, you may be entitled to a cash payment from a class action settlement.

*A federal court has authorized this notice. This is __not__ a solicitation from a lawyer.*

- A $2,425,000 settlement has been reached in a class action lawsuit captioned *Mathis v. Planet Home Lending, LLC (In re: Planet Home Lending, LLC Data Breach)*, Case No. 3:24-cv-000127 (D. Conn.), arising out of a data security incident experienced by Planet Home Lending, LLC ("Defendant") on or about November 15, 2023 ("Data Incident").

- You are part of the Settlement Class if you were sent notice by the Defendant that your Personal Information may have been impacted in the Data Incident on or about November 15, 2023. Under the terms of the Settlement, Settlement Class Members who submit Valid Claims may be able to receive a Cash Payment, subject to a *pro rata* increase or decrease based on the total number of claims filed (a legal term meaning equal share):

  o **Cash Payment A:**

    ▪ **Compensation for Ordinary Losses**: With supporting documentation showing your out-of-pocket expenses as a result of the Data Incident, you may be eligible for reimbursement up to $1,500.

    ▪ **Compensation for Lost Time:** You are also eligible to receive reimbursement for up to five hours of lost time spent dealing with the Data Incident, calculated at the rate of $25 per hour.

    ▪ **Compensation for Extraordinary Losses:** For certain documented extraordinary losses, you may be eligible for reimbursement up to $10,000.

  **OR**

  o **Cash Payment B:** Instead of selecting Cash Payment A, you may elect to receive a flat Cash Payment of $100.

- **Business Practice Changes:** Although Defendant denies any wrongdoing, Plaintiffs have received assurances that Defendant has implemented security measures.

**This notice may affect your rights. Please read it carefully.**

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a Cash Payment is to submit a Valid Claim. | **Submitted online or by mail Postmarked by Month Day, 20YY** |
| **OPT OUT** | Get no Cash Payment. Keep your right to file your own lawsuit against Defendant about the legal claims in this case. | **Postmarked by Month Day, 20YY** |
| **OBJECT TO THE SETTLEMENT** | Stay in the Settlement, but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | **Received by Month Day, 20YY** |
| **DO NOTHING** | Get no Cash Payment. Be bound by the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court must still decide whether to approve the Settlement. There will be no Cash Payments

**Questions? Go to www.xxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

paid unless the Court approves the Settlement, and it becomes final.

# BASIC INFORMATION

## 1. Why is this notice being provided?

A federal court authorized this notice because you have the right to know about the proposed Settlement of this class action lawsuit and all of your rights and options before the Court decides to grant Final Approval of the Settlement. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

The Honorable Kari A. Dooley of the United States District for the District of Connecticut is overseeing this class action. The case is known as *Mathis et al. v. Planet Home Lending, LLC (In re: Planet Home Lending, LLC Data Breach)*, Case No. 3:24-cv-000127 (D. Conn.). The persons who filed this lawsuit are called the "Plaintiffs" and/or "Class Representatives" and the company sued, Planet Home Lending, LLC, is called the "Defendant."

## 2. What is this lawsuit about?

Plaintiffs filed this class action against Defendant for its alleged failure to properly secure and safeguard Plaintiffs' and other similarly situated customers' sensitive information, including full names, addresses, Social Security numbers, loan numbers, and financial account numbers ("Personal Information"). On or about November 15, 2023, a Data Incident occurred, which resulted in unauthorized access to or acquisition of the Personal Information.

This lawsuit was filed on behalf of all persons whose Personal Information was compromised as a result of Defendant's alleged failure to: (i) adequately protect the Personal Information of Plaintiffs and Class Members; (ii) warn Plaintiffs and Class Members of Defendant's inadequate information security practices; and (iii) effectively secure hardware containing protected Personal Information using reasonable and effective security procedures free of vulnerabilities and incidents. Defendant's conduct amounts at least to negligence and violates federal and state statutes.

Plaintiffs brought this lawsuit against Defendant alleging claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, and declaratory judgment.

Defendant denies these allegations and denies any wrongdoing or liability. The Court has not decided who is right. Instead, Plaintiffs and Defendant have agreed to a settlement to avoid the risk, cost, and time of further litigation.

## 3. Why is the lawsuit a class action?

In a class action, one or more people (called plaintiff(s) or class representative(s)) sue on behalf of all people who have similar legal claims. Together, all these people are called a "class" or "class members." If the plaintiffs and defendant reach a settlement, the court resolves the issues for all class members via the settlement, except for those class members who timely opt out (exclude themselves) from the settlement.

The proposed Class Representatives in this lawsuit are Plaintiffs Brandon Mathis, Nashira Williams, Jaime Lee Mazzo, Jeffrey Benson, Frank Canepa, William Ekola, Joe Ward, Antionio Cole, and Ramsey Coulter.

## 4. Why is there a Settlement?

Plaintiffs and Defendant do not agree about the legal claims made in the lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of Plaintiffs or Defendant. Instead, Plaintiffs and Defendant have agreed to settle the lawsuit. The Class Representatives believe the Settlement is best for all individuals in the Settlement Class because of the benefits available to the Settlement Class and the risks and uncertainty associated with continuing the lawsuit.

## WHO IS INCLUDED IN THE SETTLEMENT?

| **5. How do I know if I am part of the Settlement?** |
| --- |

You are part of the Settlement Class if you were sent notice by the Defendant that your Personal Information may have been impacted in the Data Incident on or about November 15, 2023.

| **6. Are there exceptions to being included in the Settlement?** |
| --- |

Yes. Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of Planet Home Lending; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

| **7. What if I am still not sure whether I am part of the Settlement?** |
| --- |

If you are still not sure whether you are a Settlement Class member, you may go to the Settlement Website at www.xxxxxxxxxx.com or call the Settlement Administrator's toll-free telephone number at 1-XXX-XXX-XXXX.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| **8. What does the Settlement provide?** |
| --- |

If you are a Settlement Class Member and you timely submit a Valid Claim, you may be eligible for the following benefits subject to a *pro rata* adjustment (a legal term meaning equal share):

**Cash Payment A:**

**Compensation for Ordinary Losses**: All Settlement Class Members who submit a Valid Claim are eligible for up to a total of $1,500 per person for unreimbursed ordinary losses that are fairly traceable to the Data Incident. You must submit documentation supporting your Claim for ordinary losses, which may include receipts or other documentation that show the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. You will not be reimbursed for expenses if you have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring product offered as part of the notice letter previously provided by Defendant. Ordinary losses may include the following:

- **Out-of-pocket expenses incurred** as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; and

**Questions? Go to www.xxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

3

4884-7542-0312.1

- **Fees for credit reports, credit monitoring, or other identity theft insurance product** purchased between November 15, 2023, the date of the Data Incident, and **Month DD, 20YY**, the deadline to file a Claim Form.

**Compensation for Lost Time:** Settlement Class Members with time spent remedying issues related to the Data Incident may receive reimbursement of $25 per hour up to five hours (for a total of $125) with an attestation (a legal term meaning signing a formal document) including a brief description of the action(s) taken in response to the Data Incident.

**Compensation for Extraordinary Losses:** Compensation for extraordinary losses, up to a total of $10,000, per Settlement Class Member, if the extraordinary loss is:

- An actual, documented and unreimbursed monetary loss due to fraud or identity theft;
- More likely than not caused by the Data Incident;
- Occurred after November 15, 2023, and before the Claim Form Deadline;
- Not one of the listed ordinary loss categories; and
- You made reasonable efforts to avoid, or seek reimbursement for, the loss, including, but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance.

**OR**

**Cash Payment B:** Instead of selecting Cash Payment A, a Settlement Class Member may elect to receive Cash Payment B, which is a one-time payment of $100.

***Pro Rata* Adjustment:** Settlement Class Member Cash Payments will be subject to a *pro rata* (a legal term meaning equal share) increase from the Settlement Fund in the event the amount of Valid Claims is insufficient to exhaust the entire Settlement Fund. Similarly, in the event the amount of Valid Claims exhausts the amount of the Settlement Fund, the amount of the Cash Payments may be reduced *pro rata* accordingly. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis.

**Business Practice Changes:** Although Defendant denies any wrongdoing, Plaintiffs have received assurances that Defendant has implemented security measures.

| **9.   What am I giving up to receive a Cash Payment or stay in the Settlement Class?** |
| --- |

Unless you opt out of the Settlement, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties, including Defendant, about the legal issues in this lawsuit that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

| **10.  What are the Released Claims?** |
| --- |

The Settlement Agreement in Section XIII describes the Released Claims and the Releases, in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at www.xxxxxxxxxx.com or in the public Court records on file in this lawsuit. For questions regarding the Releases or Released Claims and what the language in the Settlement Agreement means, you can also contact Class Counsel listed in Question 15 for free, or you can talk to your own lawyer at your own expense.

**Questions? Go to www.xxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

**4**

4884-7542-0312.1

# HOW TO GET BENEFITS FROM THE SETTLEMENT

### 11.  How do I make a Claim for Settlement benefits?

To receive a Cash Payment described in Question 8, you must submit a Valid Claim, **postmarked** or submitted online by **Month Day, 20YY.** Claim Forms may be submitted online at www.xxxxxxxxxx.com or printed from the Settlement Website and mailed to the Settlement Administrator at the address on the Claim Form. The quickest way to submit a Claim is online. Claim Forms are also available by calling 1-XXX-XXX-XXXX or by writing to:

Planet Home Lending Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

**Claim Forms must be submitted online or by mail postmarked by Month, Day, 20YY.**

### 12.  What happens if my contact information changes after I submit a Claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling 1-XXX-XXX-XXXX or by writing to:

Planet Home Lending Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

### 13.  When will I receive my Settlement benefits?

If you submit a timely and Valid Claim, a Cash Payment will be made to you by the Settlement Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.xxxxxxxxxx.com for updates.

### 14. How will I receive my payment?

If you submit a timely and Valid Claim for a Cash Payment, and if your Claim and the Settlement are finally approved, Cash Payments will be made by electronic payment or by paper check.  Settlement Class Members with Valid Claims will be sent an email to select from alternative forms of electronic payment or by paper check. Please ensure you have provided a current and complete email address. If you do not provide a current and valid email address, if you do not open your email, or if your electronic payment does not go through due to wrong or incomplete information, the Settlement Administrator will attempt to send you a check relying on your physical address submitted on your Claim Form.

# THE LAWYERS REPRESENTING YOU

### 15.  Do I have a lawyer in this case?

**Questions? Go to www.xxxxxxxxxx.com or call 1-XXX-XXX-XXXX**
**5**

Yes. The Court has appointed Mason Barney of Siri & Glimstad LLP, Jeff Ostrow of Kopelowitz Ostrow P.A, Gary Mason of Mason LLP, Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC, Raina Borrelli of Turke & Strauss LLP, and Daniel Srourian of Srourian Law Firm, P.C., as Class Counsel lawyers to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this lawsuit.

### 16. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees of up to 33.33% of the $2,425,000 Settlement Fund, plus reimbursement of reasonable costs. The Court may award less than the amounts requested. If awarded by the Court, the Settlement Administrator will pay attorneys' fees and costs out of the Settlement Fund.

Class Counsel's Application for Attorneys' Fees, Costs, and Services Awards will be made available on the Settlement Website at www.xxxxxxxxxx.com before the deadline for you to object to or opt out of the Settlement.

# OPTING OUT OF THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Released Parties on your own based on the legal claims raised in this lawsuit or released by the Released Claims, then you must take steps to get out of the Settlement. This is called opting out of the Settlement.

### 17. How do I opt out of the Settlement?

To opt out of the Settlement, you must timely mail written notice of a request to opt out. The written notice must be:

(1) Signed by you as a Settlement Class member;
(2) Include your name, address, telephone number, a brief statement identifying membership in the Settlement Class, and email address (if any); and
(3) Include a statement indicating your request to be excluded from the Settlement Class.

The opt out request must be **mailed** to the Settlement Administrator at the following address, and be **postmarked** by **Month Day, 20YY**:

Planet Home Lending Settlement Administrator
Exclusions
PO Box XXXX
Portland, OR 97XXX-XXXX

**You cannot opt out by telephone or by email.**

### 18. If I opt out can I still get anything from the Settlement?

No. If you opt out, you will not be entitled to receive a Cash Payment, but you will not be bound by any judgment in this case. You can only get a Cash Payment if you stay in the Settlement and submit a Valid Claim.

### 19. If I do not opt out, can I sue Defendant for the same thing later?

4884-7542-0312.1

No. Unless you opt out, you give up any right to sue Defendant and other Released Parties for the legal claims this Settlement resolves and Releases relating to the Data Incident. You must opt out of the lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against Defendant or other Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

# OBJECTING TO THE SETTLEMENT

> **20. How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement and/or Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

To object, you must file a timely, written objection stating that you object in *Mathis v. Planet Home Lending, LLC (In re: Planet Home Lending, LLC Data Breach)*, Case No. 3:24-cv-000127 (D. Conn.). If your objection is submitted by mail, it must be **postmarked** by **Month Day, 20YY**, or if your objection is submitted by private courier such as Federal Express, it must have a shipping date on the label by **Month Day, 20YY**.

The objection must also include all the following information:

(1) Your full name, mailing address, telephone number, and email address (if any);

(2) A written statement of all grounds for the objection, accompanied by any legal support for the objection known to you or your lawyer;

(3) The number of times you have objected to a class action settlement within the five years preceding the date that you filed the objection, the caption of each case in which you have made such objection, and a copy of any orders related to or ruling upon your prior objections that were issued by trial and appellate courts in each listed case;

(4) The identity of all lawyers (if any) representing you, including any former or current lawyer(s) who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

(5) The number of times in which your lawyer and/or your lawyer's law firm has objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which the lawyer or the law firm has made such objection and a copy of any orders related to or ruling upon the lawyer's or the lawyer's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's lawyer and/or lawyer's law firm have objected to a class action settlement within the preceding five years;

(6) The identity of all lawyers (if any) representing you, and whether they will appear at the Final Approval Hearing;

(7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

(8) A statement as to whether you intend to personally appear and/or testify at the Final Approval Hearing; and

(9) Your signature (a lawyer's signature is not sufficient).

To be timely, written notice of an objection in the appropriate form must be filed with the Court by **Month Day, 20YY**, with copies to the following addresses:

| COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|---|
| | | | |

**Questions? Go to www.xxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

| Clerk of Court | Jeff Ostrow | Aravind Swaminathan | Planet Home Lending |
|---|---|---|---|
| U.S. Courthouse | Kopelowitz Ostrow P.A. | Orrick, Herrington & | Settlement Administrator |
| 141 Church Street | 1 West Las Olas Blvd., | Sutcliffe LLP | Objections |
| New Haven, CT 06510 | 5th Floor | 401 Union Street – | PO Box XXXX |
| | Fort Lauderdale, FL 33301 | Suite 3300 | Portland, OR 97xxx-xxxx |
| | | Seattle, WA 98101 | |

Any Settlement Class Member who fails to comply with the requirements for objecting detailed above will waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement and will be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the lawsuit.

## 21. What is the difference between objecting and asking to opt out?

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and costs. You can object only if you stay in the Settlement Class (meaning you do not opt out of the Settlement). Opting out of the Settlement is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you opt out, you cannot object to the Settlement.

# THE FINAL APPROVAL HEARING

## 22. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **Month Day, 20YY, at _:00 _.m.** before the Honorable Kari A. Dooley at the Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard – Suite 417, Bridgeport, CT 06604 or via Zoom or by phone. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement, Class Counsel's Application for Attorneys' Fees, Costs and Service Awards.

If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

**Note:** The date and time of the Final Approval Hearing are subject to change. The Court may also decide to hold the hearing via Zoom or by phone. Any change will be posted at www.xxxxxxxxxxx.com.

## 23. Do I have to attend to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to attend the Final Approval Hearing to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

## 24. May I speak at the Final Approval Hearing?

Yes, as long as you do not opt out, you can (but do not have to) participate and speak for yourself at the Final Approval Hearing. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you at the Final Approval Hearing, you must follow all of the procedures for objecting to the Settlement

Questions? Go to www.xxxxxxxxxxx.com or call 1-XXX-XXX-XXXX

8

4884-7542-0312.1

listed in Section 20 above—and specifically include a statement whether you and your lawyer will appear at the Final Approval Hearing.

# IF YOU DO NOTHING

| 25. What happens if I do nothing at all? |
| --- |

If you are a Settlement Class Member and you do nothing, you will not receive a Cash Payment, and you will give up rights explained in the "Opting Out of the Settlement" section of this notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Parties, including Defendant, about the legal issues in this lawsuit that are released by the Settlement Agreement relating to the Data Incident.

# GETTING MORE INFORMATION

| 26. How do I get more information? |
| --- |

This notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.xxxxxxxxxx.com, by calling 1-XXX-XXX-XXXX or by writing to:

Planet Home Lending Settlement Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

4884-7542-0312.1

# EXHIBIT 4
# (CLAIM FORM)

**Must be postmarked or submitted online NO LATER THAN [deadline].**

PLANET HOME LENDING
SETTLEMENT ADMINISTRATOR
[Address]
[website]

**Settlement Class Claim Form**

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

The Settlement Class includes all persons residing in the United States who received a notice by Planet Home Lending that their Personal Information may have been impacted in the Data Incident discovered on or about November 15, 2023.

**The easiest way to submit a claim is online at [website],** or you can complete and mail this Claim Form to the mailing address above.

**You may submit a claim for one of these benefits:**

1. **Cash Payment Option A.** You may select one or more of these benefits.

   - **Compensation for Ordinary Losses.** If you spent unreimbursed money that you believe is fairly traceable to the Data Incident, you can be reimbursed up to $1,500.00. You must submit documents supporting your claim.

   - **Compensation for Extraordinary Losses.** If you spent unreimbursed money trying to avoid or recover from fraud or identity theft that you believe is fairly traceable to the Data Incident, you can be reimbursed up to $10,000.00. You must submit documents supporting your claim.

   - **Compensation for Lost Time.** If you spent time remedying issues related to the Data Incident, you may receive reimbursement of $25.00 per hour up to 5 hours (for a total of $125.00). You must provide a brief description of the action(s) taken in response to the Data Incident.

2. **Cash Payment Option B.** Instead of selecting Cash Payment Option A, you may elect to receive a flat cash payment in the amount of $100.00.

**Claims must be submitted online or postmarked by [deadline]. Use the address at the top of this form for mailed claims.**

*Please note: the Settlement Administrator may contact you to request additional documents to process your claim.*

For more information and complete instructions, visit [website].

**Please note that settlement benefits will be distributed after the settlement is approved by the Court and becomes Final.**

Questions? Go to [website] or call [phone number].

## Your Information

**1. NAME (REQUIRED):**

First Name

MI

Last Name

**2. MAILING ADDRESS (REQUIRED):**

Address Line 1

Address Line 2

City

State

ZIP Code

**3. PHONE NUMBER:**

**4. EMAIL ADDRESS:**

**5. UNIQUE ID:**

Questions? Go to [website] or call [phone number].

## Cash Payment Option A: Documented Ordinary Expenses

If you lost or spent money that you believe is fairly traceable to the Data Incident and have not been reimbursed for that money, you can receive reimbursement for up to $1,5000.00. Eligible Ordinary Losses include those incurred between November 15, 2023, and the date of the Claim Form Deadline.

It is important for you to send documents that show what happened and how much you lost or spent so you can be reimbursed. This documentation may include receipts or other documentation showing the amount of charges incurred. You may mark out any transactions that are not relevant to your claim before sending in the documentation. This documentation cannot be "self-prepared" by you. "Self-prepared" documents—such as handwritten receipts—are, by themselves, insufficient to receive reimbursement, but can be considered by the Settlement Administrator to add clarity or support other submitted documentation.

To look up more details about how cash payments work, visit [**website**] or call toll-free at [phone number]. You will find more information about the types of costs and losses that can be paid back to you, what documents you need to attach, and how the Settlement Administrator decides whether to approve your claim. *By filling out the boxes below, you are certifying that the money you spent doesn't relate to other data breaches.*

| Loss Type and Examples of Documents | Amount and Date | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching and how it's related to the Data Incident) |
|---|---|---|
| Costs related to credit reports, credit monitoring purchases/freezing/unfreezing, or other identity theft insurance product purchased between **November 15, 2023** and the Claim Form Deadline. *Examples: Receipts, notices, or account statements reflecting payment for or purchase of credit monitoring services* | $ __ __ __ __ • __ __ <br><br> Date: <br><br> __ __ − __ __ − __ __ __ __ <br> MM   DD      YYYY | _____ <br><br> _____ <br><br> _____ |
| Costs and expenses incurred as a result of the Data Incident including bank fees, long-distance phone charges, cell phone charges, data charges, postage, gasoline for local travel. *Examples: Phone bills, receipts, detailed list of addresses you traveled (i.e. police station, IRS office), reason why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled; bank statements with fees, such as card reissuance, unreimbursed overdraft and late fees, circled.* | $ __ __ __ __ • __ __ <br><br> Date: <br><br> __ __ − __ __ − __ __ __ __ <br> MM   DD      YYYY | _____ <br><br> _____ <br><br> _____ |

| **Cash Payment Option A: Documented Extraordinary Expenses** |
|---|

If you lost or spent money trying to prevent or recover from fraud or identity theft that you believe is fairly traceable to the Data Incident and have not been reimbursed for that money, you can receive reimbursement for up to $10,000.00. Eligible Extraordinary Losses include those incurred between November 15, 2023, and the Claim Form Deadline.

In order for your claimed Extraordinary Loss to qualify for a payment, the following conditions must be met: (1) the loss is an actual, documented, and unreimbursed monetary loss due to fraud or identity theft; (2) the loss was fairly traceable to the Data Incident; (3) the loss occurred after the Data Incident and before the Claim Form Deadline; (4) the loss is not already covered by one or more of the ordinary loss categories; and (5) the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the loss, including (but not limited to) exhaustion of all available credit monitoring insurance and identity theft insurance.

| Loss Type and Examples of Documents | Amount and Date | Description of Loss or Money Spent and Supporting Documents (Identify what you are attaching and how it's related to the Data Incident) |
|---|---|---|
| Monetary losses or costs resulting from identity theft or fraud as a result of the Data Incident (provide detailed description)<br><br>*Please provide a detailed description or a separate document submitted with this Claim Form.* | $ ___ ___ ___ ___•___ ___<br>Date:<br><br>___ ___–___ ___–___ ___ ___ ___<br>MM   DD    YYYY | _____<br><br>_____<br><br>_____ |
| Other losses or costs resulting from the Data Incident (provide detailed description)<br><br>*Please provide a detailed description or a separate document submitted with this Claim Form.* | $ ___ ___ ___ ___•___ ___<br>Date:<br><br>___ ___–___ ___–___ ___ ___ ___<br>MM   DD    YYYY | _____<br><br>_____<br><br>_____ |
| Other losses or costs resulting from the Data Incident (provide detailed description)<br><br>*Please provide a detailed description or a separate document submitted with this Claim Form.* | $ ___ ___ ___ ___•___ ___<br>Date:<br><br>___ ___–___ ___–___ ___ ___ ___<br>MM   DD    YYYY | _____<br><br>_____<br><br>_____ |
| | | |

## Cash Payment Option A: Lost Time

Without documentation, you may receive reimbursement for up to 5 hours of lost time compensated at $25 per hour if you spent at least one full hour and can provide a brief description of your action(s) taken in response to the Data Incident. Round up to the nearest hour and check only one box.

☐ 1 Hour    ☐ 2 Hours    ☐ 3 Hours    ☐ 4 Hours    ☐ 5 Hours

| Description of Actions Taken |
| --- |
| |
| |
| |
| |
| |
| |
| |

## Cash Payment Option B: Flat Rate Payment

Instead of selecting Cash Payment A, all Settlement Class members may elect to receive Cash Payment B, which is a flat rate payment in the amount of $100.00.

*Please select the checkbox if you want to receive a flat rate payment in the amount of $100.00.*

☐ I want to receive a flat rate payment in the amount of $100.00. I understand that if I select this option, I cannot claim reimbursement under Cash Payment Option A.

## How You Will Receive Your Payment

If you made a claim for payment on this Claim Form and if your claim and the settlement are finally approved, an email will be sent from noreply@epiqpay.com to the email address you provided on this Claim Form prompting you to elect your method of payment. Popular electronic payment options will be available, or you can elect a check. Please ensure you have provided a current and complete email address. If you do not provide a current and valid email address, the Settlement Administrator may attempt to send you a check relying on your physical address on file.

## Signature

I hereby certify that:

1. The information I have supplied in this Claim Form and any copies of documents I am sending to support my claim are true and correct to the best of my knowledge.
2. I have read and understand the Claim Form.
3. I believe in good faith that I am a member of the Settlement Class because my Personal Information was impacted in the Data Incident Planet Home Lending discovered on or about November 15, 2023.
4. I have neither assigned any right to recover this benefit to any other party nor been reimbursed in whole by a third party for any damages related to the allegations at issue in this case.
5. I understand that I may be asked to provide more information by the Settlement Administrator before my claim is complete.

_____

**Print Name**

Date: [  ] – [  ] – [        ]

**Signature**          MM      DD      YYYY

Questions? Go to [website] or call [phone number].

# EXHIBIT 5

# (PRELIMINARY APPROVAL ORDER)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| Mathis v. Planet Home Lending, LLC (In re: Planet Home Lending, LLC Data Breach) | Case No. 3:24-cv-127 (KAD) |
| --- | --- |

## PRELIMINARY APPROVAL ORDER

WHEREAS, this Action[1] is a putative class action before this Court;

WHEREAS, Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Planet Home Lending, LLC, have entered into the Settlement Agreement, which is subject to review and approval by the Court under Federal Rule of Civil Procedure 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against PHL should the Court grant Final Approval of the Settlement;

WHEREAS, Plaintiffs filed an unopposed motion requesting entry of an order to: (1) conditionally certify the Settlement Class; (2) appoint Plaintiffs as Class Representatives; (3) appoint counsel listed in paragraph 17 of the Settlement as Class Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program and Notices and direct that Notice be sent to the Settlement Class members; (6) approve the Claim Form and Claims process; (7) order the Settlement's opt-out and objection procedures; (8) appoint the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against PHL and the Released Parties arising out of, relating to, or in connection with the

---

[1] The capitalized terms used herein are defined and have the same meaning as used in the Settlement Agreement unless otherwise stated.

Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

WHEREAS, the Court having reviewed the Motion along with the Settlement and its exhibits and finding that substantial and efficient grounds exist for entering this Preliminary Approval Order granting the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    **Settlement Class Certification:** Pursuant to Federal Rules of Civil Procedure Rules 23(a), 23(b)(2) and 23(b)(3), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> All living individuals in the United States who were sent a notice by PHL that their Private Information may have been impacted in the Data Incident.  Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of PHL; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

2.    **Settlement Fund:** The Settlement provides for a non-reversionary $2,425,000.00 common cash Settlement Fund for the benefit of the Settlement Class that PHL shall cause to be paid under the Settlement. The Settlement Fund will be used to pay all Settlement Class Member Benefits; Settlement Administration Costs; any Court-approved attorneys' fees and costs to Class Counsel; and any Court-approved Service Awards to Plaintiffs for serving as Class Representatives.  The Settlement Fund will be created and funded subject to the terms of the Settlement.

3.    Pursuant to Fed. R. Civ. P. 23(e), the terms of the Settlement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

> (A) the class representatives and class counsel have adequately represented the Settlement Class;

(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4.    **Settlement Class Findings:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) have been satisfied, and that the Court will likely certify at the Final Approval stage a Settlement Class.

5.    As to Rule 23(a), the Court finds that: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class; and (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

6.    As to Rule 23(b)(2), the Court finds that the conduct at issue is generally applicable to the class such that injunctive relief is appropriate respecting the class as a whole.

7.    As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Class predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class members to individually control the prosecution of separate actions; (ii) the Parties are not aware of any litigation concerning the controversy already begun by Settlement Class members other

than the proposed Class Representatives; (iii) the small value of the claims of many of the individual Settlement Class members making the pursuit of individual actions cost prohibitive for most Settlement Class members; and (iv) the similarity of the Settlement Class members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

8.      **Appointment of Class Representatives and Class Counsel:** The Court hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of settlement only, that Plaintiffs are adequate class representatives and appoints them as Class Representatives for the Settlement Class.

9.      In appointing class counsel, Federal Rule of Civil Procedure 23(g) requires the Court to consider (1) the work counsel have done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel and their law firms have expended a reasonable amount of time, effort, and expense investigating the Data Incident. It is clear from their track records of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representatives with respect to the Settlement: Jeff Ostrow of Kopelowitz Ostrow P.A., Gary Mason of Mason LLP, Mason Barney of Siri & Glimstad LLP, Mariya Weekes of Milberg Coleman Byrson Phillips Grossman PLLC, Raina Borrelli of Turke & Strauss LLP, and Daniel Srourian of Srourian Law Firm, P.C.

10.    **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Settlement, as embodied in the Agreement, as being fair, reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds the Settlement meets the considerations set forth in Rule 23(e)(2).

11.    **Settlement Administrator:** Class Counsel are authorized to use Epiq as the Settlement Administrator to supervise and administer the Notice Program, as well as to administer the Settlement should the Court grant Final Approval.

12.    **Approval of Notice Program and Notices:** The Court approves, as to form and content, the Notice Program, including the Email Notice, Postcard Notice, and Long Form Notice, substantially in the forms attached as Exhibits to the Agreement. The Court finds that the Notice Program: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Settlement, the effect of the proposed Settlement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Settlement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Email Notice, Postcard Notice, and Long Form Notice, respectively, before they are emailed, mailed, or published.

13.    **Claim Form and Claims Process**: The Court approves the Claim Form as set forth in the Settlement, and the Claims process to be implemented by the Settlement Administrator. The

Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative Settlement Class Member Benefits. Should the Court grant Final Approval of the Settlement, Settlement Class Members who do not opt-out of the Settlement shall be bound by its terms even if they do not submit Claims.

14. **Dissemination of Notice and Claim Forms:** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and PHL's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this order or the Settlement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

15. **Opt-Outs from the Settlement Class:** The Notice shall provide that any member of the Settlement Class who wishes to opt out from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Opt-Out Period). The opt-out request must be personally signed by the Settlement Class member and contain the name, postal address, email address (if any), telephone number, a brief statement identifying membership in the Settlement Class, and a statement that indicates a request to be excluded from the Settlement Class. If submitted by mail, an opt-out request shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an opt-out request shall be deemed to have been submitted on the shipping date reflected on the shipping label.

6

16.     Any Settlement Class member who timely and validly opts-out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of this Settlement.

17.     **Objections to the Settlement:** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Class may object to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards. Objections must be filed with the Clerk of the Court and mailed to the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted on behalf of a Settlement Class Member no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Objection Period). When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

18.     For an objection to be considered by the Court, the objection must also set forth:

a.     the objector's full name, address, email address (if any), and telephone number;

b.     all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.     the number of times the objector has objected to a class action settlement

within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling on the objector's prior objections that were issued by the trial and appellate courts in each listed case;

      d.     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Application for Approval of Attorneys' Fees, Costs and Service Awards;

      e.     the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

      f.     any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

      g.     the identity of all counsel (if any) representing the objector, whether they will appear at the Final Approval Hearing;

      h.     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

      i.     a statement confirming whether the objector intends to personally appear

and/or testify at the Final Approval Hearing; and

      j.      the objector's signature (an attorney's signature is not sufficient).

19.     Class Counsel and/or PHL's counsel may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure, and respond in writing to the objections prior to the Final Approval Hearing.

20.     Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards and, if Final Judgment is entered, shall forever be barred and foreclosed from raising such objections in this or any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof.

21.     **<u>Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards:</u>** Class Counsel intends to seek an award of up to 33.33% of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, and Service Awards for the Class Representatives of $2,000.00 each to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

22.     Class Counsel shall file their Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees and costs and Service Awards for the Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement or to the Application

for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Settlement and in this order.

23.    **Termination:** If the Settlement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and PHL, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

24.    **Stay:** All pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement and this Preliminary Approval Order.

25.    Upon the entry of this order, with the exception of Class Counsel's, PHL's Counsel's, PHL's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against PHL and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

26.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

27.    **Final Approval Hearing:** The Court will hold a Final Approval Hearing on **_____, 2024 at _____ am/pm.** The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided

for in the Settlement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of Final Judgment should be entered dismissing the Action on the merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

      28.    **Schedule:** The Court hereby sets the following schedule of events:

| Event | Date |
|---|---|
| **Notice Program Begins** | 45 days after Preliminary Approval |
| **Notice Program Complete** | 60 days before original Final Approval Hearing |
| **Deadline to File Motion for Final Approval, and Application for Attorneys' Fees , Costs, and Service Award** | 45 days before original Final Approval Hearing date |
| **Opt-Out Deadline** | 30 days before original Final Approval Hearing |
| **Objection Deadline** | 30 days before original Final Approval Hearing |
| **Deadline to Respond to Objections** | 15 days before original Final Approval Hearing |
| **Deadline to Submit Claim Forms** | 90 days from date Notice Program begins |
| **Final Approval Hearing** | _____, 2024 at \_\_\_\_\_ am/pm |

SO ORDERED this _____ day of _____, 2024.

                             _____
                             HONORABLE KARI A. DOOLEY
                             UNITED STATES DISTRICT JUDGE