UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Mathis v. Planet Home Lending, LLC<br><br>(In re: Planet Home Lending, LLC Data Breach) | Case No. 3:24-cv-127 (KAD) |

**FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. ECF No. 45;

WHEREAS, on May 13, 2024, the Court entered its Order granting Preliminary Approval of the Settlement, which, inter alia: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)–(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim process and Claim Form; and (7) set the Final Approval Hearing date, ECF No. 44;

WHEREAS, thereafter, Notice was provided to over 285,000 Settlement Class members in accordance with the Court's Preliminary Approval Order by direct Postcard Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on November 14, 2024, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class members.

2. This Final Approval Order incorporates herein the definitions from Section II of the Settlement Agreement and Releases, attached as Exhibit A to the Motion for Final Approval.

3. The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4. The notice to government entities, as given, complied with 28 U.S.C. § 1715.

5. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the *Grinnell* factors and Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (A) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel with the assistance of a qualified mediator; (C) the Settlement relief is adequate; and (D) the Settlement treats Settlement Class members equitably relative to

each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

6.  In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were no objection(s) to the Settlement filed, and that only 27 Opt-Outs were submitted.

7.  A list of the individuals who have opted-out of the Settlement is attached hereto as ***Exhibit 1***. Those individuals will not be bound by the Agreement and Releases contained therein.

8.  Based on the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

9.  The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

10. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of the Settlement Class in connection with the Settlement.

11. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

12. All Parties to this Action, including all Settlement Class Members, are bound by

the Settlement as set forth in the Agreement and this Final Approval Order.

13. The appointment of Plaintiffs as Class Representatives for Final Approval of the Settlement is affirmed.

14. The appointment of Jeff Ostrow, Mason Barney, Gary E. Mason, Mariya Weekes, Raina Borrelli, and Daniel Srourian as Class Counsel is affirmed.

15. The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(2)–(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on their objective criteria.

16. Therefore, the Court finally certifies the following Settlement Class:

> All living individuals in the United States who were sent a notice by PHL that their Private Information may have been impacted in the Data Incident.

Excluded from the Settlement Class are (a) all persons who are employees, directors, officers, and agents of PHL; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

18. As of the Effective Date, and in exchange for the relief described in the Settlement,

the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

19. In consideration for this Agreement and the consideration set forth herein, Plaintiffs and Settlement Class Members and Releasing Parties acknowledge that the Releases and the release herein including, but not limited to, any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, and that Plaintiffs and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1798.100 et seq., § 17200 et seq., and/or § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

20. If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 20 days following the 180-day period for Settlement Class Members to select the form of electronic payment, any remaining funds shall be distributed to the Consumer Federation of America, which the Court approves as the *cy pres* recipient.

21. Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded $808,333.33 for Attorneys' Fees and $9,907.89 for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. The Court evaluated Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason under the factors listed in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

22. The Class Representatives are each awarded $2,000.00 Service Awards. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

23. Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

24. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

25. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

26. With the exception of those listed on *Exhibit 1*, all Settlement Class members shall be bound by this Final Approval Order.

27. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

DONE and ORDERED in Chambers in Bridgeport, Connecticut, this 18th day of November, 2024.

        */s/ Kari A. Dooley*
        JUDGE KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE

## EXHIBIT 1 – OPT-OUT LIST

| Number | First Name | Middle Name | Last Name | Complete or Incomplete |
|---|---|---|---|---|
| 1 | BINAH | B | VACHTEL | COMPLETE |
| 2 | PAMELA | F | THAXTON | COMPLETE |
| 3 | NAOMI | O | STORY | COMPLETE |
| 4 | FRANKLIN | H | STORY | COMPLETE |
| 5 | JEREMY |  | HOLMES | COMPLETE |
| 6 | RUSSELL | G | LEKBERG | COMPLETE |
| 7 | LESLIE | A | LEKBERG | COMPLETE |
| 8 | TOUKA |  | BANAEE | COMPLETE |
| 9 | JEFFREY |  | VANKOOTEN | COMPLETE |
| 10 | SCOTT |  | RAY | COMPLETE |
| 11 | JENNIFER |  | RAY | COMPLETE |
| 12 | LINDSAY | N | SMITH | COMPLETE |
| 13 | TRACY |  | GRANT | COMPLETE |
| 14 | LUKASZ |  | PICZURA | COMPLETE |
| 15 | ALAN | E | HANSEN | COMPLETE |
| 16 | KRISTIN M |  | HANSEN | COMPLETE |
| 17 | MAEGAN |  | MASON | COMPLETE |
| 18 | DANIEL |  | SAILER | COMPLETE |
| 19 | BARBARA | B | MALLON | COMPLETE |
| 20 | DAVID |  | MICHAIL | COMPLETE |
| 21 | DANIELLE |  | MICHAIL | COMPLETE |
| 22 | LISA |  | ROTH | COMPLETE |
| 23 | REBECCA | W | LU | COMPLETE |
| 25 | NICHOLAS | J | CORIALE | COMPLETE |
| 26 | RASHANNA | M | LEE | COMPLETE |
| 27 | BRIAN | R | FERGUSON | COMPLETE |